## SMITH et al. v. BONEY. (No. 8237.)*

(Court of Civil Appeals of Texas. Galveston. Oct. 12, 1922. Rehearing Denied Nov. 9, 1922.)

1. **Appeal and error ⬅655(3)—Statement of facts not prepared as required by statute will be stricken.**

Where a proper statement of facts is not prepared in either of the ways provided by Rev. St. arts. 1924, 2070, and 2072, it cannot be considered and will be stricken.

2. **Sales ⬅435(5)—Allegation of damage for selling worthless cotton seed held sufficient to charge cause of action.**

In an action to recover the agreed purchase price of guaranteed cotton seed alleged to have been worthless for seed purposes, an allegation as to damages that the seed "were not good seed and would not germinate, and were worthless for the purpose for which the said seed were bought; that this plaintiff immediately notified said defendants of the worthlessness of said seed, and by reason of the premises the plaintiff has been damaged in the sum of $1,000 actual damages, with 6 per cent. interest," *held* to charge a good cause of action.

3. **Appeal and error ⬅555—Appellate court will not consider evidence in absence of statement of facts.**

Where statement of facts is stricken, the Court of Civil Appeals is not authorized to go into the evidence.

4. **Appeal and error ⬅907(3)—In absence of statement of facts, evidence before a court having jurisdiction will be presumed to support judgment.**

In absence of statement of facts where the judgment is one the trial court had power to render, having jurisdiction of parties and subject-matter, the evidence will be presumed to have been sufficient to support it.

Appeal from District Court, Grimes County; Carl T. Harper, Judge.

Action by W. A. Boney against T. A. Smith and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Jno. W. Hornsby, of Austin, for appellants.

Lewis & Dean, of Navasota, for appellee.

GRAVES, J. In this cause appellants complain of a judgment in appellee's favor against them for $1,090 and interest, rendered by the court below while sitting without a jury. They tender for consideration here what purports to be a statement of

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction January 3, 1923.

the facts upon which the case was tried, but, through motion to strike it out, appellee presents, among others, these objections to it:

(1) It was neither agreed to nor signed in his behalf, nor was it prepared by the official stenographer from any transcript of the evidence filed by him with the clerk of the trial court.

(2) "There is no certificate of disagreement of the parties as to the statement of facts on file, and same has not been approved by the court, but has merely been signed by the judge without certificate or explanation as to why he signed same, as to whether he found same correct, or as to whether he was approving same, the said statement of facts being examined, found correct, and approved by counsel for defendants, but not by counsel for plaintiffs."

[1] Upon examination both these grounds of objection are found to be well taken. It thus appears that neither of the ways in which a proper statement of facts may be prepared, under Revised Statutes, arts. 1924, 2070, and 2072, was followed, nor were the requirements of these statutes complied with. The tendered statement cannot therefore be considered, and is ordered stricken from these files. Railway Co. v. Prazak (Tex. Civ. App.) 170 S. W. 859.

Appellants contend that their general demurrer to the petition of the plaintiff below should have been sustained, but to this we are unable to agree. After formal preliminaries, the averments of the pleading were as follows:

(2) That heretofore, to wit, on or about the 1st day of October, A. D. 1919, the plaintiff made a contract with the defendants by which the defendants were to ship him, the plaintiff, at Iola, in Grimes county, Tex., certain cotton seed for planting purposes, same to be delivered on or about February 1, 1920; the said defendants did ship to this plaintiff a number of sacks of cotton seed in three bushel sacks, and did ship to this plaintiff 100 sacks of cotton seed in four bushel sacks; that under the contract the said seed were to be sound Mebane planting seed, and it was understood that same were bought only for planting seed, and the same were guaranteed by the defendants to be sound and pure Mebane seed; that this plaintiff bought the said seed to be delivered and sold to the farmers in and about Iola and for planting purposes only, as it was well known to the defendants; that the said seed were shipped by the defendants to this plaintiff from place of loading with draft attached to bill of lading, and this plaintiff was compelled to pay for said seed and pay said draft before he could obtain possession of the seed and make an examination of the same; that said seed were shipped at a price of $2.50 per bushel, and upon the arrival of same the appearance of the seed was not satisfactory to this plaintiff, and he wired the defendants that they were not good seed, and the defendants immediately guaranteed to this plaintiff that the said seed were sound and good planting seed, and, relying upon said guaranty, this plaintiff paid at Iola, Grimes county, Tex., the draft of the said defendants and took charge of said seed; that the seed this plaintiff had been able to sell before paying this draft were in three bushel sacks, and all of said seed in three bushel sacks were fairly good for planting purposes, and this plaintiff has made no claims upon said defendants on account of said seed in three bushel sacks, but that covered by said sacks, and where this plaintiff could not see them until after payment of said draft, were 100 sacks containing 4 bushels each, a total of 400 bushels sold to this plaintiff at $2.50 per bushel, or a total of $1,000, and that said 400 bushels of seed were not sound and would not germinate and were worthless for the purpose for which the said seed were bought; that this plaintiff immediately notified the said defendants of the worthlessness of said seed, and by reason of the premises the plaintiff has been damaged in the sum of $1,000 actual damages with 6 per cent. interest from January 15, 1920.

"(3) That, though often requested, the defendants have wholly failed and refused to pay to this plaintiff the said sum of $1,000 so paid by him for said worthless seed, and now fail and refuse to pay the said sum of money to this plaintiff or any part thereof, to his said damage in the said sum of $1,000. This plaintiff has always been ready and willing to deliver the said seed to said defendants upon the repayment of said sum of money, but said seed are worthless for any purpose."

[2] Although the allegation of damage is general in its terms, we think this sufficiently charged a good cause of action for a recovery of the agreed purchase price of $2.50 per bushel on the 400 bushels of seed alleged to have been worthless for the purpose for which they were sold and guaranteed, which amounted to the sum awarded in the judgment by the court. It then became a question of proof as to whether the plaintiff established his case.

[3, 4] In the absence of a statement of facts, this court is not authorized to go into the evidence. The judgment is one the trial court had the power to render, having jurisdiction of the parties and of the subject-matter, and the evidence will be presumed to have been sufficient to support it. No other questions are so presented as to call for discussion.

Finding no error, an affirmance is ordered.
Affirmed.